```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :   11-cr-93-1 (JSR)
          -v-                       :
                                    :   ORDER
SIAVOSH HENAREH,                    :
                                    :
          Defendant.                :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.:

On November 27, 2012, a jury convicted defendant Siavosh Henareh of one count of conspiracy to import heroin into the United States. The Court, on March 20, 2013, sentenced Henareh to, inter alia, 210 months of imprisonment. On January 13, 2021, the Court granted a motion by Henareh for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), finding that Henareh's "unexpectedly harsh punishment" at a facility ravaged by COVID-19 and his family's need for financial support together furnished extraordinary and compelling reasons that, after considering the § 3553(a) factors, warranted lowering his sentence to 198 months of imprisonment. ECF No. 153, at 10.

On February 27, 2024, Henareh moved for a further sentence reduction on different grounds: this time arguing for a reduction under 18 U.S.C. § 3582(c)(2) because of a recent and retroactive amendment to the Federal Sentencing Guidelines. ECF No. 165. The Government filed an opposition on March 15, 2024, ECF No. 167, and

1

Henareh filed a reply on May 1, 2024, ECF No. 168. After fully considering the parties' submissions, the Court hereby denies Henareh's motion.

Section 3582(c)(2) allows a district court to reduce a criminal defendant's sentence when the applicable Guidelines range has been reduced based on a retroactive amendment to the Federal Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). But the Court may do so only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. As relevant here, one such applicable policy statement is that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).[1] That restriction bars any sentence reduction for Henareh in this circumstance. Although, as both parties agree, Henareh's Guidelines range has been lowered from 292-365 months of imprisonment to 235-293 months of imprisonment, both Henareh's initial sentence of 210 months of imprisonment and his modified sentence of 198 months of imprisonment are "less than the minimum of the amended guideline range." Id. Accordingly, Henareh is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and

---

[1] That policy statement has an exception for certain defendants who provided "substantial assistance to authorities," U.S.S.G. § 1B1.10(b)(2)(B), which is not here relevant.

his motion must be denied. The Clerk is respectfully directed to close document 165 on the docket of this case.

   SO ORDERED.

Dated:   New York, NY
         May 1, 2024

                                        _____
                                        JED S. RAKOFF, U.S.D.J.